IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SERENIC SOFTWARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PROTEAN TECHNOLOGIES, INC., | ) | |
| and VANXAY KITNIKONE, | ) | |
| | ) | Case No. CV 04-415-S-LMB |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| PROTEAN TECHNOLOGIES, INC., | ) | |
| | ) | **SCHEDULING ORDER** |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SERENIC SOFTWARE, INC., | ) | |
| | ) | |
| Counterdefendant. | ) | |
| _____ | ) | |

Pursuant to the status conference held with the Court and counsel for the parties on May 3, 2007, and in the interest of expedient resolution,

IT IS HEREBY ORDERED:

1. A seven to ten day jury trial is hereby set to commence at 9:00 A.M. at the United States Courthouse in Boise, Idaho on August 13, 2007.

2. A pre-trial conference shall be held on August 1, 2007 at 1:30 P.M. at the United States Courthouse in Boise, Idaho. Not less than twenty-five (25) days prior to the date of the

**SCHEDULING ORDER - 1**

pre-trial conference, the parties shall communicate and discuss those items contained in Local Rule 16.3.  Counsel shall attempt to reach a stipulation as to the admissibility of exhibits and shall be prepared to advise the Court at the pre-trial conference of any agreements reached.

3. Motions in limine, if any, shall be filed on or before Wednesday, July 18, 2007.  If such motions are filed on or before July 2, 2007, the normal time periods for filing response and reply briefs, as set forth in district of Idaho Local Civil Rule 7.1(b), (c), will apply.  Any motion filed after July 2, 2007, however, will be considered on an expedited basis and, therefore, the time allowed for briefing will be shortened.

4. All proposed jury instructions shall be filed with the Court and served on all parties at least fourteen (14) days before trial.  Pursuant to Local Rule 51.1, jury instructions are to be submitted in the following format:

(A) The parties are required to jointly submit one set of agreed upon instructions.  To accomplish this, the parties are required to serve their proposed instructions upon each other prior to trial.  The parties should then meet, confer, and submit to the Court one complete set of agreed upon instructions fourteen (14) days before trial.

(B) If the parties cannot agree upon one complete set of instructions, they are required to submit one set of those instructions that have been agreed upon, and each party should submit a supplemental set of instructions which are not agreed upon.  Do not duplicate instructions in the stipulated set and the supplemental set.

(C) It is not enough for the parties to merely agree upon the general instructions, and then each submit their own set of substantive instructions.  The parties are expected to meet, confer, and agree upon the substantive instructions for the case.

(D) These joint instructions and supplemental instructions must be filed fourteen

SCHEDULING ORDER - 2

days prior to trial.  Each party should then file, seven days before trial, its objections to the non-agreed upon instructions proposed by the other party.  Any and all objections shall be in writing and shall set forth the proposed instruction objected to in its entirety.  The objection should then specifically set forth the objectionable material in the proposed instruction.  The objection shall contain citation to authority explaining why the instruction is improper and a concise statement of argument concerning the instruction.  Where applicable, the objecting party shall submit an alternative instruction covering the subject or principle of law.

  (E) The parties are required to submit the proposed joint instructions and proposed supplemental instruction(s) in the following format:

   (i) there must be two separate sets of instructions;

   (ii) the first set should indicate the number of the proposed instruction, the instruction, and the authority supporting the instruction; and

   (iii) the second set should contain <u>only</u> the proposed instruction - there should be no marks or writing on the second copy except for a heading reading "INSTRUCTION NO. ____" with the number left blank.

   (iv) original jury instructions shall be filed with the Clerk of Court and a copy shall be submitted by e-mail to "LMB_Orders@id.uscourts.gov" in Wordperfect format.

  (F) On the day of trial, the parties may submit a concise argument supporting the appropriateness of each parties' proposed instructions which the other party objected to.

  (G) All instructions should be short, concise, understandable, and <u>neutral</u> statements of law.  Argumentative or formula instructions are improper, will not be given, and should not be submitted.

  (H) Parties should note in jointly agreeing upon instructions, the Court generally

prefers Ninth Circuit Model Jury Instructions.

(I) Parties should also note that any modifications of instructions from statutory authority, or any other form instructions, must specifically state the modification made to the original form instructions and the authority supporting the modification.

(J) Failure to comply with any of the above instructions may subject the non-complying party and/or its attorney(s) to sanctions.

5. If the matter to be tried is changed to a court trial, proposed Findings of Fact and Conclusions of Law, including any stipulated Findings of Fact and Conclusions of Law, are to be submitted to the Court at least one (1) week before trial. Attach an index directing the Court's attention to the evidence that will support the proposed Findings of Fact or Conclusions of Law. A stipulation of all non-contested issues should accompany these documents.

6. Not later than fourteen (14) days before trial, pursuant to Local Rule 16.3, counsel shall serve on all parties:

(A) <u>Exhibits and Exhibit List</u>. Plaintiff's exhibits should be numbered and listed starting with "1". Defendant's exhibits should be lettered and listed starting with "A". One copy of each exhibit shall be provided to opposing counsel. The exhibit list should identify any stipulations reached by counsel as to admissibility.

Impeachment exhibits shall be marked, sealed and delivered only to the Court as set forth hereinbelow.

(B) <u>Depositions</u>. One copy of any deposition to be offered as substantive evidence, with those portions sought to be admitted underlined. (Not applicable to depositions used to refresh recollection or for impeachment.)

(C) <u>Witness List</u>. List all witnesses to be called, showing name, address and

occupation, together with a brief statement setting forth the full substance of the anticipated testimony. Also give a time estimate for the direct testimony of each witness.

Names and statements of impeachment witnesses shall be sealed and delivered only to the Court as set forth hereinbelow.

    (D)  <u>Itemized List of Special Damages</u>, if any.

Each item above should be a separately stapled document; do not staple different items together.

7. Pursuant to Local Rule 16.3, not later than fourteen (14) days before trial, counsel shall serve on all parties and file the original with the Clerk of Court (with a copy to the Court, except as otherwise noted) the following:

    (A)  <u>Requested Voir Dire Questions</u>.

    (B)  <u>Special Interrogatories</u>. If there are more than 20, attach an index. Originals shall not be numbered or contain citations to authority, or indicate identity of party presenting the same. Special interrogatories shall be submitted by hard copy and by e-mail to "LMB_Orders@id.uscourts.gov" in Wordperfect format. *See* Local Rule 51.1.

    (C)  <u>Proposed Verdict Form.</u> Verdict forms shall be submitted by hard copy and by e-mail to "LMB_Orders@id.uscourts.gov" in Wordperfect format. Local Rule 51.1

    (D)  <u>Trial Memorandum.</u>

Each item above should be a separate document, do not combine documents.

8. Not later than fourteen (14) days before trial, counsel shall provide to the Court a copy of the written statement or report of each expert witness expected to testify at trial, which was prepared and served in conformance with Local Rule 26.2(b).

9. On or before the last business day before trial, the parties shall submit to the Court all original exhibits, exhibit lists, and witness lists to the U.S. Courthouse in Coeur d'Alene, Idaho.

Impeachment exhibits shall be sealed and listed on the exhibit list as "impeachment exhibit(s)." Names and statements of impeachment witnesses shall be sealed.

In addition to the original exhibit, two copies of each exhibit shall be provided to the Court in separate three ring binders, with each exhibit being tabbed with the appropriate letter or number.

A descriptive list of all exhibits proposed to be offered into evidence shall be provided to the Court. The list shall recite which exhibits have been stipulated to, which exhibits shall be received into evidence without objection and those to which no objection will be made on grounds other than irrelevancy or immateriality.

In addition to the witness list, a proposed witness schedule shall be submitted *in camera* for each day's anticipated testimony.

10. Except for good cause shown, no exhibit(s) or testimony will be received in evidence at trial unless presented in accordance with this order.



DATED: **May 3, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

**SCHEDULING ORDER - 6**